UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STILLWATER DESIGNS AND AUDIO, INC. d/b/a KICKER, <br><br> Plaintiff, <br><br> v. <br><br> (1) SPEEDSOUNDS INC., <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Stillwater Designs and Audio, Inc. d/b/a Kicker ("Kicker" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Speedsounds Inc. d/b/a Amazon Seller Speedsounds (Amazon Seller ID: A3FN54H05ALC4R) and eBay seller Stereoneeds ("Defendant") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1. Kicker seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's wrongful and infringing promotion and sale of Kicker products ("Kicker Products") through online commerce sites including, but not limited to, Amazon.com and eBay.com.

2. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable

1

injury of Kicker. As a result of Defendant's actions, Kicker is suffering a loss of the goodwill that Kicker has created in its trademarks and is losing profits from lost sales of products.

3. This action seeks permanent injunctive relief and damages for Defendant's infringement of Kicker's intellectual property right.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States and this Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is subject to personal jurisdiction in the State of Oklahoma and this District because: (a) Defendant has sold numerous products into the State of Oklahoma and this District; (b) Defendant practices the unlawful conduct complained of herein, in part, within the State of Oklahoma and this District; (c) Defendant regularly conducts or solicits business within the State of Oklahoma and this District; (d) Defendant regularly and systematically directs electronic activity into the State of Oklahoma and this District with the manifest intent of engaging in business within the State of Oklahoma and this District, including the sale and/or offer for sale to Internet users within the State of Oklahoma and this District; and (e) Defendant enters into sales contracts with residents of the State of Oklahoma and this District through the sale of items on various online commerce websites.

6. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff Stillwater Designs & Audio, Inc. d/b/a Kicker is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma. Kicker designs, manufactures, and sells a variety of audio products, including speakers, amplifiers, and headphones. Kicker sells products through authorized distributors and dealers.

8. Defendant is a California corporation with a principal place of business located at 27890 Clinton Keith Road, D-349, Murrieta, CA 92562. Defendant does business or has done business within the State of Oklahoma and this District through various online commerce sites, including, but not limited to, Amazon.com under the Amazon seller name Speedsounds (Amazon Seller ID: A3FN54H05ALC4R) and eBay.com under the seller name Stereoneeds. Defendant is an unauthorized dealer of Kicker Products.

## FACTS

*Kicker's Trademark Usage*

9. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with audio products and accessories (hereinafter, the "Kicker Marks"). The Kicker Marks include, but are not limited to:

| Mark | Reg. Date | Reg. No. | Class/Goods |
|---|---|---|---|
| KICKER | October 27, 1987 | 1,462,647 | Stereo Speakers. |
| KICKER (stylized) | April 11, 1995 | 1,888,305 | Speakers. |
| K (design) | July 25, 1995 | 1,907,120 | Stereo speakers. |
| STILLWATER DESIGNS | December 8, 1987 | 1,468,124 | Audio equipment, namely stereo speaker systems for home and car and parts thereof. |

10. The Kicker Marks have been in continuous use since at least their respective dates of registration.

11. Kicker advertises, distributes, and sells its products to consumers under the Kicker Marks.

12. Kicker has also acquired common law rights in the use of the Kicker Marks throughout the United States.

13. The federal trademark registrations for the Kicker Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Kicker Marks.

14. Kicker has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Kicker Marks throughout the United States and the world. As a result of such advertising and promotion, Kicker has established substantial goodwill and widespread recognition in the Kicker

4

Marks, and the Marks have become associated exclusively with Kicker and its products by both customers and potential customers, as well as the general public at large.

15. To create and maintain such goodwill among its customers, Kicker has taken substantial steps to ensure that products bearing the Kicker Marks are of the highest quality. As a result, the Kicker Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

16. For example, each Kicker Product intended for resale in the United States market is protected by the Kicker Manufacturer Warranty (the "Kicker Warranty").

17. Per its terms, only Kicker Products purchased from Kicker directly, or through an authorized Kicker reseller, qualify for Kicker's Warranty. Specifically, the Kicker Manufacturer's Warranty[1] states:

**WHAT IS NOT COVERED?**
This warranty is valid only if the product is purchased from an Authorized KICKER Dealer or kicker.com and used for the purpose for which it was designed. It does not cover:

- Damage due to improper installation and/or subsequent damage to other components.
- Damage caused by exposure to moisture, excessive heat, chemical cleaners, and/or UV radiation.
- Damage through negligence, misuse, accident or abuse.
- Repeated returns for the same damage may be considered abuse.
- Any cost or expense related to the removal or reinstallation of product.
- Speakers damaged due to amplifier clipping or distortion.
- Items previously repaired or modified by any unauthorized repair facility.
- Return shipping on non-defective items.
- Products with tampered or missing barcode labels.
- Products returned without a Return Merchandise Authorization (RMA) number.
- Freight Damage.
- The cost of shipping product to KICKER.
- Service performed by anyone other than KICKER.

---

[1] *Available at*: https://www.kicker.com/warranty.

1605479909.1

18.     As a result of, *inter alia*, the care and skill exercised by Kicker in the conduct of its business, the high quality of the goods sold under the Kicker Marks, and the extensive advertising, sale, and promotion by Kicker of its products, the Kicker Marks have acquired secondary meaning in the United States and the world, including this District.

19.     Kicker is not now affiliated with Defendant, and Defendant is not authorized to use the Kicker Marks.

***Defendant's Infringing and Improper Conduct***

20.     Defendant has sold and is currently selling products bearing the Kicker Marks on several online retail platforms, including, but not limited to, Amazon.com and eBay.com (the "Websites").

21.     Kicker has never authorized or otherwise granted Defendant permission to sell Kicker Products.

22.     Defendant represents that the Kicker Products it offers for sale on the Websites are "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin.

23.     Because Defendant purchases Kicker Products from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the Kicker Products it sells.  Therefore, all Kicker Products sold by Defendant are non-genuine products.

24.     Below are examples of Defendant's product listings advertising products bearing the Kicker Marks to consumers in the United States on the Internet:



25. Defendant's advertisement of Kicker Products and use of the Kicker Marks provide customers with a false assurance that the products they purchase from Defendant conform with Kicker's high standards and work as intended, when in fact they are receiving non-genuine Kicker Products.

7

1605479909.1

26. Defendant falsely advertises the Kicker Products it offers for sale and sells on the Internet to United States consumers using the Kicker Marks.

27. Specifically, Defendant advertises "new" Kicker Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin.

28. On October 9, 2025, Defendant advertised a "Kicker 46CXARC Car Audio Wired Bass Remote Knob PXA PX CXA CX DX Amp Amplifier" on eBay.com. On that same day, Kicker purchased the product. Upon receipt of the product Kicker discovered the serial number covered by another sticker which Defendant used to tamper and deface the product by covering the identifying information.

29. Upon information and belief, Defendant is re-labeling and/or altering the Kicker Products by tampering and/or defacing the identifying information on Kicker Products, including serial numbers. As examples of Defendant's conduct is below:



1605479909.1

30. The Kicker Products advertised and sold by Defendant on the Websites are not the same found in retail stores because the products sold by Defendant are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin.

31. Moreover, because Defendant is not authorized to sell Kicker Products, the Kicker Warranty excludes products sold by Defendant. The Kicker Products offered for sale and sold by Defendant are not covered – and cannot be covered – by the Kicker Warranty.

32. Because Defendant's Kicker Products are not covered by the Kicker Warranty, the products bearing the Kicker Marks actually sold and delivered to purchasing customers by Defendant via eBay.com are not the same as those found in retail stores and not as advertised.

33. Defendant's advertisement of "new" Kicker Products when they are in fact not new and not covered by the Kicker Warranty has caused consumer confusion and harm.

34. In addition to harm to consumers, the sale of non-genuine Kicker Products directly harms Kicker. When consumers purchase Kicker Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of Kicker is diminished because they receive liquidated, used, or non-genuine product of unknown origin. Kicker's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, Kicker suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

1605479909.1

35. Offering Kicker Products as "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

36. Defendant's conduct results in consumer confusion, the dilution of Kicker's goodwill and trade name, as well as lost sales and profits of actual "new" Kicker Products.

### *Likelihood of Confusion and Injury Caused by Defendant's Actions*

37. Defendant's actions substantially harm Kicker by placing falsely advertised, unwarranted Kicker Products into the stream of commerce in the United States.

38. Defendant's advertisement and sale of non-genuine products bearing the Kicker Marks has caused – and is likely to continue causing – consumer confusion by representing to consumers that the Kicker Products offered by sale by Defendant are "new" when they are not.

39. Defendant's advertisement and sale of non-genuine products bearing the Kicker Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding Kicker's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

40. Defendant's actions substantially harm Kicker's goodwill and reputation when consumers learn that the products bearing the Kicker Marks they have purchased from Defendant are not as advertised and from a far less reputable reseller than it appeared.

41. Defendant's conduct results in consumer confusion as well as the dilution of Kicker's goodwill and trade name, as consumers are not receiving the products they believe they are purchasing.

42. Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised Kicker Products, to the detriment of Kicker.

43. As a result of Defendant's actions, Kicker is suffering a loss of the enormous goodwill it created in the Kicker Marks.

44. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Kicker's irreparable harm.

## COUNT I

### False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

2. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

3. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

4. Kicker engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Kicker Marks, throughout the United States.

5. The Kicker Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Kicker's products and services.

6. By selling or distributing products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Kicker and its goods and services in violation of 15 U.S.C. § 1125(a).

7. By advertising or promoting products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

8. Defendant's continued use of the Kicker Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

9. Defendant has used, and continues to use, the Kicker Marks to sell products that are different from those sold by Kicker in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Kicker's goodwill and reputation as symbolized by the Kicker Marks, for which Kicker has no adequate remedy at law.

10. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

11. By selling and advertising products under the Kicker Marks that are different from those sold by Kicker, Defendant is using the Kicker Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Kicker's consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Kicker and its goods and services in violation of 15 U.S.C. 1125(a). Accordingly, Kicker is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

12. As a direct and proximate result of Defendant's actions, Kicker has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Kicker's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### False Advertising in Violation of 15 U.S.C. § 1125(a)

13. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

14. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Kicker's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Kicker's customers.

15. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

16. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Kicker for which there is no adequate remedy at law. As such, Kicker is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

17. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

18. Pursuant to 15 U.S.C. § 1117, Kicker is entitled to recover from Defendant the damages sustained by Kicker as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

19. Pursuant to 15 U.S.C. § 1117, Kicker is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its

unlawful acts.  Kicker is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

20. Pursuant to 15 U.S.C. § 1117, Kicker is further entitled to recover the costs of this action.  Moreover, Kicker is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Kicker to recover additional damages and reasonable attorneys' fees.

## COUNT III
## DECEPTIVE TRADE PRACTICES
**(78 O.S. § 51, *et seq.*)**

45. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide, which they are not, constitutes unfair and deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act.

47. Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide,

which they are not, is likely to cause confusion and mistake among consumers as to the source, sponsorship, approval, or certification of the Kicker Products sold by Defendant.

48. Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide, which they are not, is likely to cause confusion and mistake among consumers as to the characteristics and qualities of the Kicker Products sold by Defendant.

49. Defendant's unfair and deceptive trade practices have proximately caused Kicker to suffer actual damages in lost sales, and has also proximately cause Kicker to suffer harm to its goodwill and reputation, because consumers who purchase Kicker Products from Defendant believing Defendant to be an Authorized Dealer of Kicker Products are disappointed with *Kicker* when the product purchased does not meet their expectations.

50. As a direct result of Defendant's unfair and deceptive trade practices, customers seeking Kicker Products from an Authorized Dealer did not purchase them from Kicker (or its Authorized Dealers) and instead unknowingly purchased them from Defendant. Therefore, the demand for Kicker Products created by Kicker was not fulfilled by the purchase of a Kicker Product from an Authorized Dealer. This results in lost revenue and actual damages to Kicker.

51.     As a direct result of Defendant's unfair and deceptive trade practices, Kicker has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Kicker prays for judgment in its favor and against Defendant providing the following relief:

1. For temporary, preliminary, and permanent injunctive relief prohibiting Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, including, but not limited to, any online platform, such as Amazon.com and eBay.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    a.  using, or attempting to use, any of the Kicker intellectual property, including, but not limited to, the Kicker Marks;

    b.  engaging in any false or misleading advertising with respect to Kicker Products, which relief includes, but is not limited to, removal of all of Defendant's listings for Kicker Products from the Internet, including but not limited to, on Amazon.com and eBay.com;

    c.  acquiring, or taking any steps to acquire, any Kicker Products;

    d.  advertising, selling, or taking any steps to sell, any Kicker Products;

    e.  engaging in any activity constituting unfair competition with Kicker; and

  f. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. For an order requiring Defendant to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Kicker Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Defendant's false advertising;

3. Adjudge Defendant to have violated 15 U.S.C. § 1125(a) and 78 O.S. § 51, *et seq.* by unfairly competing against Kicker by using false, deceptive, or misleading statements of fact that misrepresent the source, sponsorship, nature, quality, and characteristics of the Kicker Products sold by it;

4. Award Kicker its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

5. Award Kicker the disgorgement of Defendant's profits as provided by law pursuant to 15 U.S.C. § 1117;

6. Award Kicker its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117;

7. Award Kicker pre-judgment and post-judgment interest in the maximum amount allowed under the law;

8. Award Kicker the costs incurred in bringing this action; and

9. Grant Kicker such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Kicker hereby requests trial by jury on all claims so triable.

        Respectfully submitted,

        Plaintiff,

        Stillwater Designs & Audio, Inc.,

        by its attorneys,

        *s/ Kelsey Frobisher Schremmer*
        J. Blake Johnson, OBA No. 32433
        Kelsey Frobisher Schremmer, OBA No. 35841
        OVERMAN LEGAL GROUP, PLLC
        809 NW 36th Street
        Oklahoma City, OK 73119
        Telephone:   (405) 605-6718
        Facsimile:    (405) 605-6719
        Email: blakejohnson@overmanlegal.com
               kelseyschremmer@overmanlegal.com

        -And-
        Morgan T. Nickerson (*to be admitted pro hac vice*)
        K&L GATES, LLP
        One Congress Street, Suite 2900
        Boston, MA 02114
        Telephone: (617) 261-3100
        Facsimile: (617) 261-3175
        Email: morgan.nickerson@klgates.com
        *Counsel for Plaintiff Stillwater Designs and Audio Inc. d/b/a Kicker*

Dated: January 29, 2026